# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# COLUMBIA DIVISION

| | |
|---|---|
| OOPAYDO ROINSIN, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> NUTRIBULLET, LLC; AND CAPITAL ) <br> BRANDS, LLC ) <br> ) <br> Defendants. ) | **NOTICE OF REMOVAL** <br><br> C.A. No. 3:19-cv-00288-MGL |

**TO: THE HONORABLE DISTRICT COURT OF THE UNITED STATES FOR THE DISTRICT OF SOUTH CAROLINA, COLUMBIA DIVISION**

Defendants, NutriBullet, LLC and Capital Brands, LLC, would respectfully show unto the Court as follows:

1. Defendants, NutriBullet, LLC and Capital Brands (collectively "Defendants"), are parties to a civil action brought against them in the Court of Common Pleas, Richland County, State of South Carolina entitled "Oopaydo Roinsin v. Nutribullet, LLC; and Capital Brands, LLC," C.A. No.: 2018-CP-40-006479, which action was commenced against Defendants by the filing of a Summons and Complaint on December 11, 2018. The Summons and Complaint were served on Defendants via certified mail on January 8, 2019.

2. This petition for removal is timely filed pursuant to 28 U.S.C. § 1446(b) in that it is filed within thirty (30) days of the date on which Defendants first received the Summons and Complaint to which they are a party to the action.

3. Upon information and belief, Oopaydo Roinsin is a resident of the State of South Carolina. (See Complaint ¶ 2).

4.     Defendant NutriBullet, LLC is a limited liability company organized under the laws of California. NutriBullet, LLC maintains a principal place of business at 11601 Wilshire Boulevard, 23rd Floor, Los Angeles, California 90025. (See Complaint ¶ 3).  Each member and owner of Defendant NutriBullet, LLC is a resident and domiciliary of the State of California.

5.     Defendant Capital Brands, LLC is a limited liability company organized under the laws of California. Capital Brands, LLC maintains a principal place of business at 11601 Wilshire Boulevard, 23rd Floor, Los Angeles, California 90025. (See Complaint ¶ 5).  Each member and owner of Defendant Capital Brands, LLC is a resident and domiciliary of the State of California.

6.     Defendant NutriBullet, LLC is a wholly-owned subsidiary of Defendant Capital Brands, LLC.  Accordingly, there is complete diversity of citizenship as between all properly joined parties.

7.     The amount in controversy, exclusive of interest and costs, exceeds the sum of $75,000.00.

8.     Although the Complaint does not quantify the specific amount of damages sought by Plaintiff, it does allege that Plaintiff "incurred substantial medical bills and expenses, and upon information and belief, will continue to incur such bills and expenses …." (See Complaint ¶ 26).  Upon information and belief, Plaintiff's medical expenses to date in this case are in excess of $50,000.00.

9.     The Complaint further alleges that Plaintiff suffered "first and second degree burns to her face, arms, torso, and eye" and had to undergo multiple debridement procedures, skin grafts, and hydrotherapy treatments.  The Complaint also alleges that Plaintiff still suffers

from daily pain, disfigurement, scarring, mental anguish, pain and suffering and emotional distress." (See Complaint ¶¶ 24, 27).

10. The Complaint further states that Plaintiff is seeking an award of punitive and actual damages against Defendants for an amount to be ascertained by a jury. (See Complaint Prayer for Relief).

11. Furthermore, in determining whether the claims in a complaint meet the jurisdictional amount, the district court may make reasonable deductions, reasonable inferences, or other reasonable extrapolations from the pleadings to determine whether it is facially apparent that a case is removable. See Francis v. Allstate Ins. Co., 709 F.3d 362, 368 (4th Cir. 2013) (affirming district court's use of "experience and common sense" to conclude that the amount-in-controversy requirement was satisfied). Put simply, a district court determining the amount in controversy "'is not required to leave its common sense behind.'" Hamilton v. Ocwen Loan Servicing, LLC, No. 9:12–cv–03111–PMD, 2013 WL 499159, at *5 (D.S.C. Feb. 7, 2013) (quoting Crosby v. CVS Pharmacy, Inc., 409 F. Supp. 2d 665, 668 (D.S.C. 2005)).

12. Where, as here, a plaintiff makes an unspecified demand for damages in state court, a removing defendant must "establish the jurisdictional amount by a preponderance of the evidence." Bartnikowski v. NVR, Inc., 307 Fed. Appx. 730, 734 (4th Cir. 2009). Absent allegations of a specific damage amount in a plaintiff's complaint "a removal notice 'sufficiently establish[es] jurisdictional grounds for removal by making jurisdictional allegations in the same manner' as a plaintiff's complaint alleging federal jurisdiction." Mattison v. Wal-Mart Stores, Inc., No. 6:10-cv-1739-JMC, 2011 WL 494395, *2-*3 (D.S.C. Feb. 4, 2011) (quoting Ellenburg v. Spartan Motors Chassis, Inc., 519 F.3d 192, 200 (4th Cir. 2008)). Thus, a removing defendant

need only allege a short and plain statement establishing the amount in controversy. <u>Mattison</u>, 2011 WL 494395, at *3.

13. In this case, satisfaction of the amount in controversy is facially apparent from the allegations in Plaintiff's Complaint. Plaintiff alleges that as a result of the incident, she suffered "first and second degree burns" to multiple parts of her body, has had to undergo multiple surgical debridement procedures and skin grafts, and continues to "suffers from daily pain, disfigurement, scarring, mental anguish, pain and suffering and emotional distress." Plaintiff further alleges that she "incurred substantial medical bills and expenses, and upon information and belief, will continue to incur such bills and expenses." These allegations plainly suggest the amount in controversy for compensatory damages alone exceeds $75,000.

14. Accordingly, the record and case law establish that the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

15. Although Defendant denies any wrong doing, the allegations of injuries and damages sought in the Complaint are substantial and similar to other actions in which other plaintiffs have sought and recovered damages in excess of $75,000.00. Thus, the jurisdictional amount is satisfied.

16. The United States District Court for the District of South Carolina has original subject matter jurisdiction of this civil action pursuant to 28 U.S.C. § 1332 and § 1441 because there is complete diversity of citizenship among all of the properly joined parties, and the amount in controversy in this civil action, exclusive of interest and costs, exceeds the sum of $75,000.00.

17. Pursuant to 28 U.S.C. § 1446(a) a copy of all process, pleadings and orders received by the removing Defendant are attached hereto as **Exhibit A.**

18.     Pursuant to 28 U.S.C § 1446(d), Plaintiff is being provided with a copy of this Notice of Removal, and a copy of this Notice of Removal is being filed with the Clerk of the Court of Common Pleas, Richland County.

19.     Defendants submit this Notice of Removal without waiving any defense to the claims asserted by Plaintiff or conceding that Plaintiff has pled claims upon which relief can be granted.  Defendants specifically reserve the right to assert, if applicable, any and all defenses enumerated under Rule 12 of the Federal Rules of Civil Procedure or any other affirmative defenses, including those enumerated under Rule 8(c) of the Federal Rules of Civil Procedure, upon the filing of its responsive pleadings within the time allotted under the Federal Rules of Civil Procedure.

WHEREFORE, Defendants, NutriBullet, LLC and Capital Brands, LLC, pray that the above case now pending against it in the Court of Common Pleas, Richland County, State of South Carolina be removed therefrom.

January 31, 2019

/s/ C. William McGee
C. William McGee (Fed. ID No. 5783)
Gallivan, White & Boyd, P.A.
55 Beattie Place, Suite 1200
P.O. Box 10589 (29603)
Greenville, SC 29601
Telephone: (864) 271-9580
Facsimile: (864) 271-7502
bmcgee@gwblawfirm.com

Attorneys for Defendants