**EXHIBIT A**

ELECTRONICALLY FILED - 2018 Dec 11 4:21 PM - RICHLAND - COMMON PLEAS - CASE#2018CP4006479

| | |
|---|---|
| IN THE STATE OF SOUTH CAROLINA )<br>COUNTY OF RICHLAND )<br>) | IN THE COURT OF COMMON PLEAS<br>FOR THE 5TH JUDICIAL CIRCUIT<br>CASE NO: 2018-CP-40-____ |
| OOPAYDO ROINSIN,<br><br>                          Plaintiff,<br>v.<br><br>NUTRIBULLET, LLC; AND CAPITAL<br>BRANDS, LLC,<br><br>                         Defendants. | **SUMMONS**<br>**(Jury Trial Demanded)** |

**TO:   THE DEFENDANTS ABOVE-NAMED:**

**YOU ARE HEREBY SUMMONED** and required to Answer the Complaint in this action, a copy of which is herewith served upon you, and to serve a copy of your Answer to said Complaint upon the Plaintiff or her attorneys, J. Camden Hodge, Eric M. Poulin, and Roy T. Willey, IV, at their office, 32 Ann Street Charleston, South Carolina, 29403, within (30) days after the service hereof, exclusive of the day of such service and if you fail to Answer the Complaint within the time aforesaid, Plaintiff will apply to the court for the relief demanded in the Complaint.

Dated at Greenville, South Carolina on the 11th day of December, 2018.

                                                          **ANASTOPOULO LAW FIRM, LLC**

                                                          By: *s/ J. Camden Hodge*
                                                          J. Camden Hodge
                                                          S.C. Bar No.: 100638
                                                          Roy T. Willey, IV
                                                          S.C. Bar No.: 101010
                                                          Eric M. Poulin
                                                          S.C. Bar No.: 100209
                                                          Anastopoulo Law Firm, LLC
                                                          32 Ann Street
                                                          Charleston, South Carolina 29403
                                                          (843) 614-8888
                                                          *Attorneys for Plaintiff*

ELECTRONICALLY FILED - 2018 Dec 11 4:21 PM - RICHLAND - COMMON PLEAS - CASE#2018CP4006479

| | |
|---|---|
| IN THE STATE OF SOUTH CAROLINA )<br>COUNTY OF RICHLAND ) <br> ) <br>OOPAYDO ROINSIN, <br> Plaintiff, <br>v. <br>NUTRIBULLET, LLC; AND CAPITAL BRANDS, LLC, <br> Defendants. | IN THE COURT OF COMMON PLEAS FOR THE 5TH JUDICIAL CIRCUIT <br>CASE NO: 2018-CP-40-_____ <br><br>**COMPLAINT** <br>**(Jury Trial Demanded)** |

Plaintiff Oopaydo Roinsin ("Plaintiff"), complaining of the Defendants above-named, alleges and avers as follows:

## INTRODUCTION AND CASE SYNOPSIS

1. On or about March 5, 2017, Plaintiff began making a smoothie with typical smoothie ingredients — water, orange, and honey — in Plaintiff's Nutribullet (the "Nutribullet" or "device"). Without warning, the Nutribullet exploded. Extremely hot liquid shot into the air and covered Plaintiff's arms, neck, torso, and eye, causing her to sustain severe burns. As a proximate result of the Defendant's acts and omissions described herein, Plaintiff underwent multiple debridements, skin grafts, and required and continues to require extensive medical care to treat her injuries.



## SPECIFIC AVERMENTS

2. Plaintiff Oopaydo Roinsin is a resident of Richland County, State of South Carolina.

3. Upon information and belief, Defendant Nutribullet, LLC (hereinafter "Defendant Nutribullet" or "Nutribullet") is a limited liability company registered with the California Secretary of State. Upon information and belief, Defendant Nutribullet can be served through its registered agent Mark Suzumoto at 11601 Wilshire Blvd, 23rd Floor, Los Angeles, CA 90025.

4. That Defendant Nutribullet is amendable to jurisdiction in this Court as it regularly conducts business in Richland County, State of South Carolina and throughout South Carolina and has substantial contacts with the State of South Carolina.

5. Upon information and belief, Defendant Capital Brands, LLC (hereinafter "Defendant Capital Brands" or "Capital Brands") is a limited liability company registered with the California Secretary of State. Upon information and belief, Defendant Capital Brands can be served through its registered agent Mark Suzumoto at 11601 Wilshire Blvd, 23rd Floor, Los Angeles, CA 90025.

6. That Defendant Capital Brands is amendable to jurisdiction in this Court as it regularly conducts business in Richland County, State of South Carolina and throughout South Carolina and has substantial contacts with the State of South Carolina.

7. That substantial events as set forth herein occurred in Richland County, State of South Carolina.

8. That this Court has jurisdiction over the parties and subject matter of this cause of action and venue is proper in Richland County, State of South Carolina.

ELECTRONICALLY FILED - 2018 Dec 11 4:21 PM - RICHLAND - COMMON PLEAS - CASE#2018CP4006479

9. That at all times in this Complaint, Defendant Nutribullet and Defendant Capital Brands are referred to collectively as the "Defendants."

10. At all times material to the allegations contained in this Complaint, Defendant Nutribullet LLC and Defendant Capital Brands were and are in the business of designing, manufacturing, marketing, promoting, advertising, and/or selling products, including Nutribullet devices.

11. Upon information and belief, at all times relevant to the allegations set forth in this Complaint, Defendants worked in concert with one another and/or as each other's agents in connection with the design, marketing, promotion, and sale of the Nutribullet.

12. That at all times relevant to the allegation set forth in this Complaint, Defendants were acting through their agents and/or employees, who at all relevant times were acting within the scope of their employment.

### The Nutribullet

13. The Nutribullet is a kitchen appliance intended for use as a high-powered compact blender. All Nutribullets, including the device described herein and used by Plaintiff, essentially have three components: a powered base unit which contains a high-powered motor ("base"), a plastic cup-shaped container that holds ingredients to be blended ("cup"), and a plastic lid mounted with metal blades ("blade lid"), which screws into the cup.

14. After the blade lid is screwed into the cup, the cup and blade assembly is then inverted and pressed down into the power base, which initiates the movement of the blades affixed to the lid. If the cup and blade lid are twisted while on the power base, tabs will lock it in place on the power base, creating an open electrical circuit to allow the blades to operate.

Twisting the opposite direction will release the assembly and disengage the motor.

15. That Nutribullet devices, including the device used by Plaintiff, come with a user's guide/recipe book.

16. Upon information and belief, Defendants are and were aware that its Nutribullet devices can, will, and have exploded under certain circumstances, causing severe injuries to users consumers, and other persons.

17. That despite this awareness of the risk of injuries associated with Nutribullet devices, the Defendants failed to do anything about the defective nature of the devices as to prevent the type of injuries it knew it caused for years prior to other persons, including but not limited to issuing warnings, changing the defective design, or recalling the devices, thereby consciously disregarding the safety of device users, including Plaintiff, yet continuing to collect profits from the sale of tens of millions of units worldwide. Accordingly, Defendants were aware for years that its Nutribullet devices presented exactly the same type of risk which injured Plaintiff.

18. That the injuries to Plaintiff as set forth herein were foreseeable.

### Plaintiff's Experience With the Nutribullet

19. On or about March 5, 2017, Plaintiff received a Nutribullet for health and well-being purposes as a gift for Christmas of 2016.

20. Plaintiff used the Nutribullet frequently for several months to make smoothies, all without incident.

21. On the afternoon of May 5, 2017, Plaintiff was preparing a smoothie made with orange, water, and honey and according to the instructions set forth in the recipe book/user's guide.

ELECTRONICALLY FILED - 2018 Dec 11 4:21 PM - RICHLAND - COMMON PLEAS - CASE#2018CP4006479

22. After placing the ingredients in the "cup" of the device, Plaintiff screwed on the top containing blades, inverted the cup, placed it into the power base, and engaged the motor by twisting the cup.

23. Moments after the Nutribullet motor was engaged, the device exploded. The top of the Nutribullet containing the blades shot off the power base, causing hot liquid to fly into the air and onto Plaintiff's body, proximately causing Plaintiff's injuries as set forth herein.

24. That Plaintiff thereafter was rushed to the emergency room where she was diagnosed with first and second degree burns to her face, arms, torso, and eye. She subsequently was transferred to the burn clinic and underwent multiple debridements, skin grafts, and received hydrotherapy to treat her injuries.

25. After several visits to the Augusta Burn Center, doctors still warned and advised Plaintiff not to take a shower for weeks.

26. Plaintiff incurred substantial medical bills and expenses, and upon information and belief, will continue to incur such bills and expenses, due to Defendants' acts and omissions as set forth herein.

27. Plaintiff still suffers from pain daily pain, disfigurement, scarring, mental anguish, pain and suffering, and emotional distress.

28. That at the time of the incident set forth herein, the Nutribullet was in essentially the same condition as when it left the hands of the Defendants.

### FOR A FIRST CAUSE OF ACTION AGAINST ALL DEFENDANTS
### (Negligence/Gross Negligence)

29. Plaintiff incorporates by reference, as if fully set forth herein, each and every allegation set forth in the preceding paragraphs.

ELECTRONICALLY FILED - 2018 Dec 11 4:21 PM - RICHLAND - COMMON PLEAS - CASE#2018CP4006479

ELECTRONICALLY FILED - 2018 Dec 11 4:21 PM - RICHLAND - COMMON PLEAS - CASE#2018CP4006479

30. Defendants had a duty to exercise reasonable care in designing, developing, formulating, manufacturing, testing, packaging, promoting, labeling, advertising, marketing, instructing on, warning about, distributing, supplying and/or selling the Nutribullet.

31. Defendants failed to exercise such reasonable care in that Defendants knew or should have known that the Nutribullet posed a significant risk of bodily harm and adverse events and were not safe for use by consumers as sold, but Defendants continued (and have continued) designing, developing, formulating, manufacturing, testing, packaging, promoting, labeling, advertising, marketing, instructing on, warning about, distributing, supplying and/or selling the Nutribullet without adequate labeling and/or adequate warnings.

32. Defendants knew or should have known that consumers, including Plaintiff, would foreseeably suffer injury as a result of Defendants' failure to exercise reasonable care.

33. That the injuries and damages sustained by Plaintiff are the direct result of the negligence, carelessness, recklessness, and willful and wanton conduct of Defendants, in some or all of the following particulars:

    a. In failing to recognize and design out hazards associated with the normal foreseeable use of the subject Nutribullet;

    b. In failing to guard against hazards associates with the foreseeable use of the subject Nutribullet;

    c. In failing to warn of the dangers associated with operation of the subject Nutribullet, including but not limited to the possibility of explosion and the ejectment of scalding hot liquid;

    d. In failing to include detailed warnings in the instructions for use of the subject

Nutribullet;

e. In failing to incorporate certain safeguards on the subject Nutribullet that would have prevented the Plaintiff's injuries, including but not limited to a failsafe device that would stop the device from running when the pressure inside the device reached a certain level; or a failsafe device that would stop the device from running when the temperature of the liquid inside of the device reached a certain temperature; or a failsafe device that would stop the device from running when the motor has been engaged for a certain period of time;

f. In designing, manufacturing, constructing, marketing, and selling a device that could explode and which lacked the above failsafe components.

g. In failing to act as a reasonably prudent company would have acted under the same or similar circumstances;

h. In committing such actions described herein despite having notice of the danger the use of the Nutribullet presented to the public generally, and Plaintiff specifically;

i. In failing to adopt and implement adequate safety hierarchy procedures and polices;

j. In failing to use reasonable care and precautions to ensure the safe operation of the subject Nutribullet and/or its component parts;

k. In failing to exercise reasonable care in the design of the subject Nutribullet and/or its component parts;

l. In failing to exercise reasonable care in the distribution and/or marketing

ELECTRONICALLY FILED - 2018 Dec 11 4:21 PM - RICHLAND - COMMON PLEAS - CASE#2018CP4006479

ELECTRONICALLY FILED - 2018 Dec 11 4:21 PM - RICHLAND - COMMON PLEAS - CASE#2018CP4006479

and/or sale of the Nutribullet device and/or its component parts;

m. In failing to make sure or take reasonable measures to ensure that the Nutribullet device and its component parts were safe for their intended use prior to placing these products into the stream of commerce;

n. In failing to discover through testing procedures or otherwise that the device and/or component parts were not properly manufactured and safe for their intended use;

o. In failing to exercise reasonable care in the testing of the device and/or component parts;

p. In failing to incorporate reasonable and appropriate quality assurance procedures in the ongoing distribution of their products; and

q. In other such and further particulars as the evidence may show as discovery progresses.

34. As a direct and proximate result of Defendants' negligence and gross negligence, Plaintiff suffered injuries including but not limited to, first and second degree burns, scarring, pain and suffering, mental anguish, and emotional distress.

### FOR A SECOND CAUSE OF ACTION AGAINST ALL DEFENDANTS
(Strict Liability in Tort (S.C. Code Ann. Section 15-73-10, et seq.))

35. Plaintiff incorporates by reference, as if fully set forth herein, each and every allegation set forth in the preceding paragraphs.

36. At all relevant times, there was in full force and effect certain statutes of the State of South Carolina pertaining to Seller of Defective Products as set forth in S.C. Code Ann. Section 15-73-10 et seq.

37. Pursuant to S.C. Code Section 15-73-10 et seq., Defendants are strictly liable in tort, irrespective of privity, for manufacturing, designing, assembling, and placing a defective and unreasonably dangerous product in the stream of commerce.

38. Defendants had an active role in the manufacture, design, marketing, advertising, labeling, instructing, and/or assembling and placing a defective and unreasonably dangerous product in the stream of commerce to injure Plaintiff.

39. The defective and unreasonably dangerous product was neither merchantable nor reasonably suited to the use as intended when placed into commerce by Defendants.

40. At all relevant times, including when the incident alleged herein occurred, the defective and unreasonably dangerous product was used in an intended and/or foreseeable manner.

41. Plaintiff neither misused nor materially altered the dangerous product, and at the time of the incident complained of herein, the dangerous product was in the same or substantially similar condition as at the time of sale.

42. The defective and unreasonably dangerous product failed to perform in a manner reasonably expected in light of its nature and intended function.

43. Additionally, the risks inherent in the design of the defective and unreasonably dangerous product outweigh the utility of the product as designed.

44. As a direct and proximate result of the defective condition of the product when sold, Plaintiff suffered serious personal injuries, including first and/or second degree burns, pain and suffering, scarring, mental anguish, and ongoing emotional distress.

45. By reason of the foregoing, Plaintiff is entitled to recover for all general and special damages proximately caused by Defendants, and the defective condition of their products when sold.

ELECTRONICALLY FILED - 2018 Dec 11 4:21 PM - RICHLAND - COMMON PLEAS - CASE#2018CP4006479

ELECTRONICALLY FILED - 2018 Dec 11 4:21 PM - RICHLAND - COMMON PLEAS - CASE#2018CP4006479

## FOR A THIRD CAUSE OF ACTION AGAINST ALL DEFENDANTS
### (Breach of Warranty)

46. Plaintiff incorporates by reference, as if fully set forth herein, each and every allegation set forth in the preceding paragraphs.

47. That Defendants violated certain express and implied warranties in the design, manufacturing, and sale/distribution/marketing of the subject Nutribullet.

48. That as a direct and proximate result of the violation of express and implied warranties, the Plaintiff suffered the injuries and damages complained of herein.

## FOR A FOURTH CAUSE OF ACTION AGAINST ALL DEFENDANTS
### (Failure to Warn)

49. Plaintiff incorporates by reference, as if fully set forth herein, each and every allegation set forth in the preceding paragraphs.

50. All Defendants, as manufacturers, distributors, designers, and/or sellers/marketers of the Nutribullet, owed a duty to give adequate warnings of the dangers of which they knew or reasonably should have known could arise from the foreseeable and reasonable use of the product.

51. Defendants knew, or reasonably should have known, that there was an increased risk explosion resulting from the defects of their product.

52. Defendants knew, or reasonably should have known, that the incident complained of herein is not the first occurrence of explosion involving their product resulting in the injury of another person.

53. Nonetheless, Defendants distributed and sold Nutribullets to the public, including the Plaintiff and the device that is the subject of this Complaint.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against the Defendants for an amount to be ascertained by the jury at the trial of this action, for all damages, punitive and actual, for the cost and disbursements of this action, and both pre-judgment and post-judgment interest, and for such other and further relief, in law or in equity, as this Court may deem proper.

Respectfully Submitted,

**ANASTOPOULO LAW FIRM, LLC**

By: *s/ J. Camden Hodge*
J. Camden Hodge
S.C. Bar No.: 100638
Roy T. Willey, IV
S.C. Bar No.: 101010
Eric M. Poulin
S.C. Bar No.: 100209
Anastopoulo Law Firm, LLC
32 Ann Street
Charleston, South Carolina 29403
(843) 614-8888

**ATTORNEYS FOR THE PLAINTIFF**

Dated at Greenville, SC
December 11, 2018

ELECTRONICALLY FILED - 2018 Dec 11 4:21 PM - RICHLAND - COMMON PLEAS - CASE#2018CP4006479